**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| ANDREA PEARSON, | DOCKET NUMBER |
| Appellant, | PH-0432-23-0125-I-1 |
| v. | |
| DEPARTMENT OF THE TREASURY, | DATE: March 24, 2026 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Kristen Farr, Esquire, Washington, D.C., for the appellant.

Neal Wilson and Kirsten Lefebure, Parkersburg, West Virginia, for the agency.

**BEFORE**

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which sustained her chapter 43 performance-based removal and denied her affirmative defenses. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED as to the basis for finding the appellant did not establish her disability discrimination claims, we AFFIRM the initial decision.

## BACKGROUND

The appellant was a GS-12 Accountant for the agency's Bureau of Fiscal Services, Funds Management Branch. Initial Appeal File (IAF), Tab 5 at 174. As part of the appellant's Accountant duties, she was responsible for processing and reviewing daily investment work, updating and distributing foreign currency documents and reports, answering customer emails regarding foreign currency requests, updating procedures, and processing and reviewing reconciliations. IAF, Tab 27-10, Hearing Transcript (HT) 7/11/2023 at 65 (testimony of W.W.), Tab 29-12, HT 7/12/2023 at 101 (testimony of the appellant).

Beginning in 2015, Supervisory Accountant W.W. was the appellant's first-line supervisor, and Branch Manager R.H. was her second-line supervisor. IAF, Tab 27-10, HT 7/11/2023 at 64 (testimony of W.W.). From approximately August 2019 until June 2020, while W.W. held another position, the appellant had three temporary first-line supervisors, including R.H. *Id.* at 62, 141 (testimony of W.W.).

According to W.W., in 2017, there was a consolidation of branches resulting in W.W.'s team acquiring functions from other teams; however, the

appellant's foreign currency accounting and reporting functions stayed the same. *Id.* at 140 (testimony of W.W.). In early 2020, the appellant's official duty station was changed from Hyattsville, Maryland, to Parkersburg, West Virginia; however, due to the COVID-19 pandemic, she was teleworking full-time during the period at issue in this appeal. *Id.* at 141 (testimony of W.W.).

On June 30, 2020, R.H. provided the appellant with feedback regarding her performance deficiencies during her mid-year evaluation, and on July 1, 2020, he communicated his concerns about her performance via email. IAF, Tab 5 at 244-45, Tab 27-10, HT 7/11/2023 at 40 (testimony of R.H.). The appellant responded via email on July 9, 2020, that she was experiencing stress that affected her performance, related to the consolidation and the pandemic, and because she was a caregiver for a disabled family member. IAF, Tab 5 at 244. The appellant did not indicate that she had a medical condition, and R.H. did not interpret her statements as suggesting that she did. IAF, Tab 5 at 244, Tab 27-10, HT 7/11/2023 at 42-43 (testimony of R.H.). In October 2020, after W.W. resumed his duties supervising the appellant, he provided her with a contact to begin the reasonable accommodation process. IAF, Tab 5 at 242-43. The appellant acknowledged to W.W. that she was aware of the process but had not taken advantage of it. *Id.*

On October 23, 2020, W.W. issued the appellant a 60-day Opportunity to Demonstrate Acceptable Performance (ODAP) based on unacceptable performance in three critical elements. *Id.* at 235-41. On January 22, 2021, the proposing official informed the appellant that she had not successfully completed the ODAP and proposed the appellant's removal for unacceptable performance in three critical elements, pursuant to 5 U.S.C. chapter 43. *Id.* at 229-34.

On February 4, 2021, the appellant was diagnosed with Generalized Anxiety Disorder (GAD). IAF, Tab 29-12, HT 7/12/2023 at 23 (testimony of the appellant's treating clinical social worker). On February 18, 2021, the appellant emailed W.W. to inform him that she would be requesting leave to attend 3 weeks

of stress and anxiety therapy sessions. IAF, Tab 5 at 220-21. W.W. approved the appellant's leave request and again provided her information and forms about the reasonable accommodation process. *Id.*

On March 2, 2021, during an oral reply to the appellant's proposed removal, the appellant's union representative M.F. informed the deciding official about the appellant's July 2020 email to R.H. regarding how her stress had negatively impacted her job performance. *Id.* at 162-64, 178. In response, on March 16, 2021, the proposing official rescinded the proposed removal and extended the appellant's ODAP period an additional 90 days. *Id.* at 218. At the end of that period, on August 17, 2021, the proposing official again informed the appellant that she had not successfully completed the ODAP and proposed her removal for unacceptable performance in the same three critical elements. *Id.* at 183-89.

On September 8, 2021, during the oral reply to this second proposed removal, the appellant's union representative E.K. again discussed how the appellant's disability had impacted her work and requested reasonable accommodation, including a reassignment or demotion. IAF, Tab 5 at 178-82, Tab 29-12, HT 7/12/2023 at 85 (testimony of E.K.). On October 21, 2022, the agency issued a decision removing the appellant, effective that day. IAF, Tab 5 at 174-77.

The appellant appealed her removal to the Board and raised affirmative defenses of race and sex discrimination, and of disability discrimination based on her status as disabled and the agency's failure to reasonably accommodate her disability. IAF, Tab 1 at 7, Tab 19 at 5. After holding the appellant's requested hearing, the administrative judge issued an initial decision affirming the appellant's removal. IAF, Tab 1 at 2, Tab 32, Initial Decision (ID) at 1, 39. She found that the agency established its charge of unacceptable performance as to two critical elements, but not as to one. ID at 20, 23, 26. She also found that the appellant did not prove her affirmative defenses. ID at 27-39.

The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a response. PFR File, Tab 3.

**DISCUSSION OF ARGUMENTS ON REVIEW**

We do not revisit the administrative judge's finding that the agency established its charge of unacceptable performance.

On review, the appellant alleges that she "appeals the whole decision in its entirety" and "incorporates all prior submissions by reference." PFR File, Tab 1 at 4. A petitioning party must explain in the petition how the administrative judge made a procedural, legal, or factual error, or how the administrative judge's rulings involved an abuse of discretion. 5 C.F.R. § 1201.115 (setting forth the bases for granting a petition for review). An appellant's request in her petition for review that the Board consider evidence and argument submitted below as incorporated by reference constitutes mere disagreement with the administrative judge's explained findings and does not warrant full review by the Board. *McLaughlin v. Office of Personnel Management*, 62 M.S.P.R. 536, 553-54 (1994), *aff'd per curiam*, 47 F.3d 1181 (Fed. Cir. 1995).

Here, the appellant does not state specific objections to the administrative judge's findings that the agency established its charge of unacceptable performance and that the appellant did not establish her affirmative defenses of sex and race discrimination.[2] Thus, we decline to revisit those findings. Because the focus of appellant's petition for review concerns the administrative judge's findings that the appellant did not establish her affirmative defense of disability

---

[2] The appellant asserts for the first time on review that the agency's charge of unacceptable performance under 5 U.S.C. chapter 43 should be interpreted as a charge of medical inability to perform, which the agency failed to establish. PFR File, Tab 1 at 20-22. We do not consider this argument, which the appellant could have raised below. *See Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016) (observing that the Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence). However, we note that the Board is required to review an agency's adverse action solely on the grounds invoked by the agency. *Ellshoff v. Department of the Interior*, 76 M.S.P.R. 54, 69 (1997).

discrimination based on her status as disabled and the agency's failure to reasonably accommodate her disability, our analysis will be similarly focused.[3]

We modify the initial decision as to the basis on which the appellant did not prove her claims of disability discrimination.

The administrative judge found that the appellant established that she suffered from GAD and, as a result, was an individual with a disability. ID at 29. The parties do not dispute this finding, and we discern no basis to disturb it. The administrative judge also found that the appellant failed to prove her reasonable accommodation claim because she never requested a reasonable accommodation. ID at 29-34. The administrative judge alternatively found that, even assuming the appellant had requested a second computer monitor and a reassignment as an accommodation, as she claimed, she did not prove that a second monitor would enable her to successfully perform her duties and did not identify any vacant, funded positions to which she could be reassigned. ID at 34 n.9. As to the appellant's status-based disability discrimination claim, the administrative judge concluded that the appellant did not provide any evidence that her disability was a factor in her removal. ID at 34-37. We agree with the administrative judge's determination that the appellant did not prove these defenses but because we do not agree with the administrative judge that the appellant presented no evidence of discrimination, we modify the administrative judge's reasoning. Instead, as

---

[3] On review, the appellant resubmits several documents that are in the record below. *Compare, e.g.*, IAF, Tab 20, *with* PFR File, Tab 1 at 59-229. Under 5 C.F.R. § 1201.115, the Board generally will not consider evidence submitted for the first time with a petition for review absent a showing that it was unavailable before the record was closed before the administrative judge despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 213-14 (1980). Documents included in the record below are not "new" evidence that might warrant granting a petition for review. *Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980) (stating that evidence submitted on review that was included in the record below and considered by the administrative judge is not new). Therefore, we have not reassessed the documents that the appellant submits on review.

discussed below, we find that the appellant cannot prevail on her claims because she did not prove she is a "qualified" individual with a disability.

<u>The appellant presented evidence that the agency considered her disability when removing her.</u>

The appellant challenges on review the administrative judge's determination that the appellant did not present evidence in support of her claim of status-based discrimination. PFR File, Tab 1 at 13-14. We agree with her on this point. An appellant may prove a claim of discrimination using direct evidence, circumstantial evidence, and a combination of the two. *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶ 24 (so stating in the context of a Title VII discrimination claim). Direct evidence may be any statement made by an employer that (1) reflects directly the alleged discriminatory attitude, and (2) bears directly on the contested employment discrimination. *Doe v. Pension Benefit Guaranty Corporation*, 117 M.S.P.R. 579, ¶ 40 (2012).

As the appellant observes, the deciding official testified that she decided to remove the appellant rather than reassign her based in part on her disability. PFR File, Tab 1 at 14. Specifically, the deciding official testified that she did not reassign the appellant because she believed that the appellant's anxiety and the fact that she was caring for a family member would prevent her from successfully "learning another role." IAF, Tab 29-12, HT 7/12/2023 at 34-35 (testimony of the deciding official). This testimony reflects her conclusion that the appellant's GAD prevented her from learning as well as someone who did not have GAD. Because this conclusion had a bearing on the agency's decision to remove the appellant, we conclude it is direct evidence of discrimination. Therefore, to the extent that the administrative judge concluded that the record was devoid of such evidence, we modify the initial decision. The record does contain evidence that discrimination played a role in the agency's removal decision.

We recognize that when an agency takes an action under chapter 43, the Board lacks the authority to mitigate the penalty. *Stein-Verbit v. Department of*

*Commerce*, 72 M.S.P.R. 332, 340 (1996). However, the Board's scope of review of the appellant's disability discrimination claims is broader. Specifically, the Board must decide whether discrimination played "any part" in the contested action. *Pridgen*, 2022 MSPB 31, ¶¶ 20-22, 40. Further, in connection with a reasonable accommodation claim, the Board may need to address whether a vacant position existed to which the agency could have reassigned the appellant during the relevant time period. *See Angel v. Office of Personnel Management*, 122 M.S.P.R. 424, ¶ 9 (2015) (explaining that reassignment is the reasonable accommodation of last resort); *see* 29 C.F.R. § 1630.2(o)(2)(ii) (identifying reassignment to a vacant position as a form of reasonable accommodation). Therefore, we address here whether the agency considered the appellant's disability in the context of the deciding official's decision to remove rather than reassign her.

We further modify the initial decision to find that the appellant failed to prove her disability discrimination for a different reason: she did not establish that she is a qualified individual with a disability. The appellant reasserts on review that the agency's obligation to engage in an interactive process to identify a reasonable accommodation was triggered by her email to R.H. on July 1, 2020; a colleague's recommendation that the appellant receive training and a second monitor on November 18, 2020; her union representative M.F.'s March 2, 2021 reply to the appellant's first proposed removal; and her union representative E.K.'s reply to the second proposed removal on September 8, 2021. PFR File, Tab 1 at 14-17; IAF, Tab 29-12, HT 7/12/2023 at 189-94 (closing argument presented by the appellant's attorney). The administrative judge found that the appellant could not prove that she was denied a reasonable accommodation because she never requested one. ID at 30-34. We need not reach this issue because we conclude that the appellant did not prove that she could successfully perform in her position or a vacant funded job even with a reasonable accommodation.

Both a claim of disability discrimination based on an individual's status as disabled and a claim based on an agency's failure to reasonably accommodate that disability require that the individual be "qualified." *Haas v. Department of Homeland Security*, 2022 MSPB 36, ¶ 28. A qualified individual with a disability is one who "can perform the essential functions of the . . . position that such individual holds or desires" with or without reasonable accommodation. 42 U.S.C. § 12111(8); *Haas*, 2022 MSPB 36, ¶ 28; 29 C.F.R. § 1630.2(m). To be "qualified," the employee must satisfy "the requisite skill, experience, education and other job-related requirements" of the job. 29 C.F.R. § 1630.2(m). As we observed above, the parties do not dispute the administrative judge's determination that the agency proved its charge of unacceptable performance. Nor do the parties contend on review that the duties the appellant was unable to successfully perform during her ODAP were anything other than essential functions of her position. We therefore turn to whether the appellant has proven that a reasonable accommodation would have enabled her to perform acceptably, reviewing each of the alleged accommodation requests above.

<u>The appellant did not prove that she could perform in her position acceptably with a reasonable accommodation.</u>

The appellant argues that she notified the agency of her need for an accommodation in a July 9, 2020 email to R.H. PFR File, Tab 1 at 14-15; IAF, Tab 5 at 244. In that email, she informed R.H. that the 2017 consolidation, the ongoing COVID-19 pandemic, and caring for a disabled family member had caused her to have difficulty focusing at work and "mental/emotional distress." IAF, Tab 5 at 244. Even assuming this email constituted a request for an accommodation, the appellant has not articulated what R.H. should have provided to her at that time, which preceded the ODAP. IAF, Tab 29-12, HT 7/12/2023 at 108 (testimony of the appellant).

Nor did the appellant seek assistance when, 3 months later, on October 7, 2020, W.W. advised the appellant of the process for requesting reasonable

accommodation. IAF, Tab 5 at 242. The appellant responded to W.W. that she was aware of the process but had not "taken advantage of it yet." *Id.* Her ODAP period began 2 weeks later, on October 23, 2020. PFR File, Tab 1 at 6-7; IAF, Tab 29-12, HT 7/12/2023 at 109 (testimony of the appellant).

The appellant also reasserts that she essentially requested accommodation on November 18, 2020, when her colleague C.H., who had been assigned to train her during the ODAP, emailed W.W. and suggested that the appellant could benefit from Excel or Oracle training classes, a second monitor, and additional training from C.H. PFR File, Tab 1 at 17; IAF, Tab 19 at 103-04, Tab 29-12, HT 7/12/2023 at 111 (testimony of the appellant). The appellant testified that a second monitor would have allowed her to work on two assignments or procedures at once. IAF, Tab 29-12, HT 7/12/2023 at 111-12 (testimony of the appellant). We agree with the administrative judge's conclusion that the appellant's assertion is not persuasive. ID at 34 n.9.

Neither the appellant nor C.H. tied C.H.'s recommendations to the appellant's anxiety or any other medical condition. IAF, Tab 5 at 108-09, Tab 19 at 103-04; IAF, Tab 29-12, HT 7/12/2023 at 111-12 (testimony of the appellant). In fact, the appellant's condition had not yet been diagnosed at that time. IAF, Tab 5 at 161, Tab 29-12, HT 7/12/2023 at 23-24 (testimony of the appellant's treating clinical social worker), 96 (testimony of the appellant). Further, all employees, including the appellant, had the option of taking a second monitor home to facilitate their work. IAF, Tab 27-10, HT 7/11/2023 at 123, 153 (testimony of W.W.), Tab 29-12, HT 7/12/2023 at 132 (testimony of the appellant). The appellant does not assert that she took steps to obtain a second monitor. Finally, on review, the appellant does not describe how two monitors would have assisted her to cope with her anxiety.

Further, the appellant has not explained how Excel and Oracle training would have resulted in improved performance on matters cited in her proposed removal, such as failing to implement edits and updates to documents, and

providing customers with misinformation and improper website references. IAF, Tab 5 at 185, 188, Tab 29-12, HT 7/12/2023 at 192-93 (closing argument presented by the appellant's attorney); PFR File, Tab 1 at 17. In particular, the appellant had been using Oracle since at least 2013. IAF, Tab 27-10, HT 7/11/2023 at 63, 122 (testimony of W.W.). As for training by C.H., C.H. continued to provide one-on-one training to the appellant after November 18, 2020, and on November 25, 2020, the appellant told W.W. that C.H. "was providing good training to her." IAF, Tab 5 at 196, 210.

The agency issued the appellant's first proposed removal on January 25, 2021. IAF, Tab 5 at 229, 234. Her medical condition of generalized anxiety disorder was diagnosed on February 14, 2021. *Id.* at 161. On March 2, 2021, during the oral reply to the appellant's proposed removal, her union representative M.F. argued that the agency should provide the appellant with "support" for her anxiety and "work with [the appellant]," and that, if the appellant could not stay in her current position, the agency should laterally reassign or demote her. *Id.* at 164, 169.

In response, on March 16, 2021, the proposing official rescinded the proposed removal and extended the appellant's ODAP period an additional 90 days to, as relevant here, "to provide [her] with an opportunity to take advantage of the resources offered by . . . the [agency's] Reasonable Accommodation . . . Program[.]" *Id.* at 218. The extension notice advised the appellant that of the name, telephone number, and email address of the Manager of the agency's Disability Employment Program, whom she could contact "[s]hould [she] have a need for an adjustment or change at work due to a medical condition[.]" *Id.* at 219. Thus, the deciding official essentially granted the appellant's March 2021 accommodation request by rescinding the proposed removal and extending the appellant's ODAP period an additional 90 days so that the appellant could initiate the reasonable accommodation process to discuss any other effective accommodations.

During the additional 90 days, the appellant was still unable to perform the essential functions of her position. *Id.* at 183-89. Moreover, the appellant did not initiate the reasonable accommodation process or submit medical documentation identifying what she needed. IAF, Tab 29-12, HT 7/12/2023 at 23 (testimony of the appellant's treating clinical social worker), 118-19, 123-24 (testimony of the appellant). She also did not testify or otherwise submit evidence demonstrating that between the March 2021 and September 2021 oral replies she discussed her need for further accommodations for her medical limitations with her management. Because the appellant has not identified an accommodation that would have enabled her to be successful on the ODAP extension, we find that she failed to show that she could perform the essential functions of the position she held, or that there was a reasonable accommodation that would have enabled her to do so.

On review, the appellant points to her experience working as an accountant in the Federal Government for more than 20 years and her past fully successful performance ratings to suggest that she is qualified to perform the position she held. PFR File, Tab 1 at 10; IAF, Tab 29-12, HT 7/12/2023 at 101-03. However, the administrative judge considered her past experience and performance record and determined that it did not outweigh her unacceptable performance in two of the three critical elements during the ODAP period, which she found was supported by substantial testimonial and documentary evidence. ID at 26. As established above, the appellant does not specifically challenge that finding on review, and we decline to revisit it.

The appellant failed to identify a vacant position to which she could have been reassigned.

The appellant reargues that the agency failed in its obligation to explore reassignment. PFR File, Tab 1 at 17-19. The administrative judge determined that the appellant did not request reassignment and failed to identify a vacant position for which she was qualified. ID at 34 n.9. We agree.

On September 8, 2021, after the extended ODAP period had ended and during the second oral reply to the proposed removal, the appellant's other union representative, E.K., suggested a "demotion, reassignment to another area where [the appellant] could continue to do her duties based on her skillset, and a reasonable accommodation to help her with the disability in order to perform her job," which "would have been more hands-on training." IAF, Tab 5 at 178-82, Tab 29-12, HT 7/12/2023 at 85 (testimony of E.K). He also testified that he was not aware of any other reasonable accommodation requests by or on behalf of the appellant prior to the oral reply. IAF, Tab 29-12, HT 7/12/2023 at 86 (testimony of E.K).

Reassignment is a reasonable accommodation of last resort and is required only after it has been determined that (1) there are no effective accommodations that will enable the employee to perform the essential functions of her current position; or (2) all other reasonable accommodations would impose an undue hardship. *Combs v. Social Security Administration*, 91 M.S.P.R. 148, ¶ 26 (2002); *see* Equal Employment Opportunity Commission, Enforcement Guidance on Reasonable Accommodation and Undue Hardship under the ADA, Question 24 (Oct. 17, 2002) (explaining that reassignment "must be provided to an employee who, because of a disability, can no longer perform the essential functions of his/her current position, with or without reasonable accommodation, unless the employer can show that it would be an undue hardship"), https://www.eeoc.gov/laws/guidance/enforcement-guidance-reasonable-accommodation-and-undue-hardship-under-ada. The appellant has the burden of identifying a vacant position to which she can be reassigned. *White v. U.S. Postal Service*, 117 M.S.P.R. 244, ¶ 16 (2012). The appellant did not participate in the agency's reasonable accommodation process, which might have facilitated the identification of such a position, and has not identified a vacant position that she desires. *See Haas*, 2022 MSPB 36, ¶ 30 (determining that an appellant failed to prove he was a qualified individual when he did not identify an alternative

position that he desired); *Rosario-Fabregas v. Department of the Army*, 122 M.S.P.R. 468, ¶ 18 (2015) (concluding that the an appellant's failure to engage in the interactive process, including his failure to identify a vacant, funded position to which he could be reassigned, prevented the agency from identifying a reasonable accommodation), *aff'd*, 833 F.3d 1342 (Fed. Cir. 2016).

An employee seeking reassignment should assist the agency in identifying vacancies to the extent that the employee has information about them. *Bill A. v. Department of the Army*, EEOC Appeal No. 0120131989, 2016 WL 6662825, at *11 (Oct. 26, 2016). Here, the appellant testified that although the agency's vacancy announcements were generally available to all employees and she looked at them during that time, she did not discuss reassignment options with her management, nor could she recall doing so with her union representatives. IAF, Tab 29-12, HT 7/12/2023 at 122-23, 132-33 (testimony of the appellant). Based on these circumstances, we disagree with the appellant's contention that the agency failed to reasonably accommodate her by not identifying a vacant position for her. *White v. Department of Veterans Affairs*, 120 M.S.P.R. 405, ¶ 14 (2013) (finding that unless and until the appellant provided the requested information and documentation, the agency could not be expected to modify the appellant's work duties or to reassign him to another position, and the agency could not be said to have failed to satisfy an obligation to provide a reasonable accommodation). Thus, we find that the appellant failed to show that she could perform the essential functions of a position she desires with or without an accommodation.

Because we find that the appellant failed to establish that she is a qualified individual with a disability, the appellant necessarily failed to prove her affirmative defense disability discrimination based on her status as disabled and the agency's failure to reasonably accommodate her. For the foregoing reasons, we agree with the administrative judge's finding that the appellant failed to establish her affirmative defense of disability discrimination. Thus, we need not

reach the appellant's remaining arguments on review, including whether the agency established that accommodating the appellant would have been an undue hardship. PFR File, Tab 1 at 11, 17. Accordingly, we affirm the initial decision as modified above.

## NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.   5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                          *Gina K. Grippando*
                          _____
                          Gina K. Grippando
                          Clerk of the Board

Washington, D.C.